UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
09-CR-331-A

MIGUEL MOSCOSO, a/k/a
Choko, et al.,

     Defendants.

  This complex gang-related racketeering case includes charges of murder, assault, attempted assault, witness tampering, and narcotics trafficking by the defendant, Miguel Moscoso, and other alleged members of the so-called 10th Street Gang in Buffalo, New York. Twenty-one other defendants have charges pending in a Fourth Superseding Indictment. More than fifteen other persons have entered guilty pleas in this Court to closely-related charges.

  Defendant Moscoso filed a motion on January 18, 2013 seeking an order of severance and a date for a trial within 70 days. Defendant faces trial on charges of racketeering and of participation in a lengthy racketeering conspiracy in violation of 18 U.S.C. § 1962(d); of racketeering murder, racketeering assault, and attempted racketeering assault in violation of 18 U.S.C. § 1959(a); of possession and discharge of firearms in furtherance of crimes of violence and in furtherance of a narcotics conspiracy in violation of 18 U.S.C. 924(c); of witness

tampering in violation of 18 U.S.C. § 1952(a); and of narcotics conspiracy in violation of 21 U.S.C. § 846. Dkt. No. 408. The alleged racketeering conspiracy is alleged to have continued for more than a year after the initial Indictment was returned and for an indeterminate period of time after defendant was charged in 2010. Defendant seeks a trial date for all 12 counts, or alternatively, for two counts of racketeering murder and of possession and discharge of a firearm in furtherance of a crime of violence in Counts 15 and 16 of the Fourth Superseding Indictment. Dkt. No. 731.

All other pending defendants are engaged in motion practice before a Magistrate Judge on referral from this Court and all but one defendant's briefing of issues addressed during completed evidentiary hearings before the Magistrate Judge is due April 1, 2013, with government responses due May 15, 2013. The Court is aware that pretrial proceedings are in their final stages before Magistrate Judge Scott and that the case will be returned for setting a trial date. No other defendant is seeking severance and a trial date.

Defendant Moscoso's motion for severance contains little more than his request for a severance. Defendant has been in pretrial detention since September 22, 2010, and has, with his severance motion filed January 18, 2013, withdrawn and abandoned previously-filed pretrial motions. At the appearance for oral argument of the motion for severance on February 19, 2013, defense counsel made an oral request for assignment of additional counsel to assist him

2

because of the complexity of the discovery and the charges.

The United States responded to defendant Moscoso's motion for a severance with a filing on February 5, 2013 and reports that it consents to severance of the case as against the defendant, provided the severed trial is of all the charges pending against defendant in the Fourth Superseding Indictment. Dkt. No. 775. The United States estimated during the parties' appearances for oral argument of defendant's motion to sever that the trial will take somewhere between two and four weeks of trial time. It reported that defendant's counsel and the government have preliminarily addressed some special trial preparations, such as orders of confidentiality regarding *Jencks* material to protect the safety of some witnesses, and the possibility that material witness warrants and orders of compulsion may be needed for other witnesses.

The United States' responses to defendant Moscoso's motion for severance also fail to address other important factors to be considered by the Court upon a motion for severance. In addition, the United States has not addressed that the Fourth Superseding Indictment is well within the scope of the warnings against "mega-trials" of more than ten defendants at once raised by the Second Circuit in *United States v. Casamento,* 887 F.2d 1141, 1151-52 (2d Cir. 1989). The likelihood that a severance of some defendants charged in the Fourth Superseding Indictment will be necessary to make manageable groups of defendants of approximately ten defendants to be tried together, or smaller

groups, is relevant to the Court's consideration of how to proceed to trial with defendant and defendant's desire for an immediate trial.

Federal Rule of Criminal Procedure 14(a) permits the district court to sever a defendant's trial if it appears that either the government or the defendant will be prejudiced by the joinder. Neither party has established prejudice.

Severance is a matter of discretion left to the Court. *United States v. Stirling*, 571 F.2d 708, 733 (2d Cir. 1978). Generally, a defendant bears the burden of showing that prejudice from a joint trial "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials". *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998) In fact, Rule 14 does not require severance even if prejudice is shown. *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1988) Instead, the defendant must show "prejudice so substantial as to amount to a miscarriage of justice". *Id.* at 563. The parties have left the propriety of severance upon defendant Moscoso's motion and the United States' consent to severance to speculation. For that reason, the motion to sever is denied.

Meanwhile, it is abundantly clear that the parties are not prepared to set a realistic trial date. Defense counsel's oral request for an assignment of additional counsel because of the complexity of the case is denied. The Court is acutely aware defendant Moscoso's case is complex and that it has been pending for a long time. The parties are directed to continue to prepare diligently for trial so

that defendant Moscoso will have effective assistance of counsel when his complex trial begins and so that the trial can continue in an orderly fashion from day to day until completed without substantial interruption.

A status conference is scheduled on April 19, 2013, at 9:00 a.m., for defendant Moscoso. The Court finds, *sua sponte,* that a Speedy Trial Act exclusion may be entered at this time because the public's and the defendant's interests in an efficient trial during which defendant Moscoso will receive effective assistance of counsel, despite the complexity of the charges and the evidence, outweighs the public's and defendant's interest in a speedier trial. Upon that interests-of-justice finding, the Court excludes time from March 8, 2013 through and including April 19, 2013, pursuant to 18 U.S.C. § 3161(h)(7)(A). At or before the April 19, 2013 status conference, the Court will address the status of the parties' trial preparations.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 8, 2013